IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thurman V. Lilly, #297494, | C. A. No. 2:08-0266-JFA-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Fred Thompson; Morris Elmore; James Blackwell; McKither Bodison; D. Nunnally; Eugene Skipper; S. Jenkins, L. Randall; D. McCommons; Dorris Gantt, | |
| Defendants. | |

This civil rights case brought pursuant to 42 U.S.C. §1983 by a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgment. 28 U.S.C. § 636(b).

The plaintiff, Thurman Van Lilly, filed his complaint on January 25, 2008, against D. McCommons, Dorris Gantt, Fred Thompson, Morris Elmore, James Blackwell, McKither Bodison, D Nunnally, Eugene Skipper, S. Jenkins, and L. Randall. All defendants are employed by the South Carolina Department of Corrections (SCDC) at Lee Correctional Institution (LCI).

Lilly seeks a declaratory judgment, injunctive relief and fifty thousand dollars ($50,000.00) in damages from each defendant.

1

Lilly alleged that evidence was fabricated against him so he could be charged with a major rules violation, causing him to be removed from his position as chairman of the inmate representative committee (IRC) in another Lilly federal civil rights action, 2:07-1700-JFA-RSC. The charge was possession of a cell-phone. Lilly alleged he was approached at his prison job in the education building by the contraband supervisor who strip searched him, made him put on a maximum security jump-suit and escorted him across the yard to lock-up without a charge paper or hearing date. Lilly maintained the defendants confiscated a briefcase that contained IRC documents and personal legal documents belonging to the plaintiff. Other personal property was taken to the property control room. Lilly was not allowed to take his underclothes, his mattress, a towel, face cloth, drinking cup, spoon, bible, or legal materials, and did not receive the same for seven (7) days.

Lilly alleged he finally received a hearing and was convicted of the charge without any evidence of actual or constructive possession of a cell phone. He received sixty (60) days in lock up, and he alleged that the appeals officer approved the charges before he had filed an appeal. Lilly claimed he tried to grieve the matter, but the defendants refused to process, investigate, or respond to his grievances. Lilly alleged he has been in lock-up for seventy-six (76) days. Lilly

2

raised due process claims pertaining to all matters surrounding the disciplinary charges, his conviction, and his now expired sentence.

Lilly also alleged that during his disciplinary hearing, which he stated was not given to him promptly, he was not allowed to present his side to an impartial tribunal or to confront witnesses and present favorable evidence, and he maintained he was not given a "reasoned decision".

Lilly further claimed that his right to access the courts, his right to free speech, and his right to freely associate has been violated. He believed that all circumstances raised in his complaint were done in retaliation for his exercise of his civil rights and that all of these restrictions and constraints constitute cruel and unusual punishment.

On April 22, 2008, the defendants answered the complaint and raised as an affirmative defense Lilly's failure to comply with the exhaustion requirement of the prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a).

On August 20, 2008, the defendants filed a motion for summary judgment along with the affidavit of Mary Coleman, the SCDC Branch Chief for the Inmate Grievance Branch. In addition to other grounds for judgment as a matter of law, the defendants asserted that Lilly had failed to meet the threshold requirement of prior exhaustion of administrative remedies. On August 22,

2008, Lilly was provided a copy of the motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). Thereafter Lilly sought additional time in which to respond to the defendants' motion. That motion was granted and the deadline was extended by ninety (90) days.

On January 5, 2009, Lilly filed his opposition to the motion which included a motion "to convene a three judge court" to declare that the exhaustion requirement of the PLRA, 42 U.S.C. § 1997a(e), is unconstitutional on its face and as applied to him and to enjoin the application of the requirement. Lilly correctly noted that he had brought the same motion in another civil rights case pending in this court, <u>Lilly v. Ozmint</u>, 2:07-1700-JFA-RSC. Lilly, however, did not file a motion to amend his complaint and submit a proposed amended complaint containing the constitutional challenge. Hence, it appears that consideration of the motions is appropriate.

## SUMMARY JUDGMENT STANDARD

Pursuant to Fed.R.Civ.P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. Fed.R.Civ.P. 56(c). To avoid summary judgment on defendants' motion, a plaintiff must produce evidence creating a genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, at 255, 106 S.Ct. at 2513-14.

## DISCUSSION

A review of the record and relevant case law indicates that the defendants' motion should be granted, all other motions denied, and this matter ended.

As an initial matter Lilly's attempt to bring a constitutional challenge to 28 U.S.C. § 1917(a)e has not been properly brought as an amendment to his complaint and should be denied. Additionally, Lilly brought the motion pursuant to 28

U.S.C. § 2284 which indicates that a three-judge panel shall be appointed "when required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284. Lilly cannot show that a three judge panel has been required in this case by any Act of Congress. Likewise, such a panel is required when the case involves the apportionment of congressional district or the districts of the South Carolina General Assembly. Clearly, this case has nothing to do with apportionment of districts. Consequently, there is no legal basis for the appointment. The motion is inappropriate and frivolous.

Next, Lilly has failed to exhaust all available administrative remedies prior to filing this action as is required under the PLRA. The PLRA provides in part as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the United States Supreme Court held that "exhaustion in cases covered by § 1997e(a) is now mandatory." 534 U.S. at 524. The Court noted that a district court has no discretion, as had existed prior to

the PLRA, to determine whether administrative remedies needed to be exhausted in a particular case. The Court further stated that "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id. The Court stressed, as does the statute, that exhaustion must take place prior to the commencement of the civil action.

In Moore v. Bennette, 517 F.3d 717 (4th Cir. 2008), the Fourth Circuit explained that "[u]nder the Prison Litigation Reform Act of 1995 (PLRA), as amended, prisoners must exhaust such administrative remedies as are available prior to filing suit in federal court challenging prison conditions." 517 F.3d at 725.

The reason that administrative remedies must be exhausted prior to the filing of a civil action, as opposed to after or contemporaneous therewith, was explained by the Supreme Court in Porter v. Nussle, 534 U.S. 516 (2002). The Porter Court stated:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court,

>adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

534 U.S. at 524-525.

Thus, the Porter opinion holds that administrative remedies must be exhausted prior to and not contemporaneous with the filing and pursuit of a Section 1983 action. See also, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674 (4th Cir. 2005).

The defendants filed the affidavit of Mary Coleman, who is the Branch Chief for the Inmate Grievance Branch in support of their summary judgment motion. See, Coleman Affidavit, para. 1. Based on Coleman's sworn testimony, it appears that Lilly failed to exhaust his administrative remedies on all of his claims prior to the filing of the instant action.

Lilly has raised allegations regarding his conviction on the charge of Possession of Cell Phones or Other Communications Equipment. Following his conviction on December 6, 2007, Lilly filed Grievance Number LCI-1907-07 to appeal that conviction on December 13, 2007. See, Coleman Affidavit, para. 2, Ex. A. However, Lilly did not wait for that grievance to be processed to completion, and instead by January 25, 2008, he filed this action.

Similarly, Lilly raised allegations in his complaint regarding a subsequent charge and conviction for Disrespect.

Lilly was charged with Disrespect by Defendant Thompson on January 7, 2008. See, Complaint, para. 49. The disciplinary hearing was held on January 24, 2008, and Lilly then filed Grievance Number LCI-0193-08 on February 2, 2008, to appeal that conviction. See, Coleman Affidavit, para. 3, Ex. B. It was premature for Lilly to allege any claim related to this conviction when the grievance appealing the conviction was not filed until after this suit was filed.

As for the other claims alleged in the complaint, Mary Coleman reviewed Lilly's grievances filed prior his January 25, 2008, filing of this action and affied:

> Based upon my review of those grievances, SCDC has no record of any grievance that was filed by Inmate Lilly where he has complained that Fred Thompson, Morris Elmore nor any other employee at Lieber Correctional Institution retaliated or conspired against him for filing a federal lawsuit. SCDC also has no record of any grievance that was filed by Inmate Lilly prior to January 25, 2008, where he has complained that he was sent to lock-up by Fred Thompson on January 3, 2008, without any due process or that he served longer than the required 60 days in Disciplinary Detention. SCDC also has no record of any grievance that was filed by Inmate Lilly prior to January 25, 2008, where he has complained that he has been prevented from associating with other inmates or that his right to freedom of speech has been violated.

See, Coleman Affidavit, para. 4.

Consequently, Lilly has not exhausted his administrative remedies as required under the PLRA with respect to those claims alleging conspiracy or retaliation by Thompson and/or Elmore,

9

violation of his free speech and association rights, and violation of due process rights. As a result, those claims should be dismissed without prejudice.

Finally, while Lilly did file Grievance Number LCI-1828-07 on November 26, 2007, to challenge numerous conditions of confinement in the Special Management Unit, that grievance was returned unprocessed because, in violation of the Grievance Policy, he failed to limit his grievance to a single issue. See, Coleman Affidavit, para. 6, Ex. D. Lilly did not thereafter file separate grievances to raise the various issues that were initially raised in Grievance Number LCI-1828-07 to correct his mistake and that is fatal to those claims.

In Woodford v. Ngo, 548 U.S. 81 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires "proper exhaustion." The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so ***properly*** (so that the agency addresses the issues on the merits)." 548 U.S. at 90. (Emphasis in original). Failure to properly exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law. Id. Since Lilly did not properly exhaust his administrative remedies prior to filing this action, his conditions of confinement claims related to his assignment to the Special Management Unit should

be dismissed as well.

In sum, the Plaintiff has not properly exhausted his administrative remedies with respect to any of his claims. As discussed above, a majority of the claims have never been grieved, and as for the rest, he filed this action before those grievances could even be processed to completion. Thus, based upon the direct and mandatory language of 42 U.S.C. § 1997e(a) and the Supreme Court's discussion in <u>Porter</u>, Lilly's claims are premature and should be dismissed without prejudice.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended the defendants' motion for summary judgment be granted, all other motions be denied, and this matter dismissed without prejudice.

Respectfully Submitted,

*/s/ Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

January  12 , 2009

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).