IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Thurman Van Lilly, #297494, | ) | C/A No.: 2:08-266-JFA-RSC |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Fred Thompson; Morris Elmore; James Blackwell; McKither Bodison; D. Nunnally; Eugene Skipper; S. Jenkins; L. Randall; D. McCommons; Dorris Gantt, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Thurman V. Lilly ("Plaintiff"), is an inmate in state custody. He initiated this lawsuit with a 42 U.S.C. § 1983 claim contending that the defendants (who are all employed by the South Carolina Department of Corrections) violated his constitutional rights while he was incarcerated. Plaintiff seeks a declaratory judgment, injunctive relief, and damages from each defendant.

This case was assigned to a magistrate[1] who prepared a report recommending that this court grant the defendants' motion for summary judgment.[2] The magistrate specifically found that Plaintiff has not exhausted his administrative remedies and recommended that this lawsuit

---

[1] The magistrate's review is made in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B), and Local Civil Rule 73.02. The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate, or recommit the matter to the magistrate with instructions. 28 U.S.C. § 636(b)(1).

[2] The magistrate issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying Plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff thereafter filed a response.

be dismissed. Plaintiff filed objections to the magistrate's report and recommendation, and to aid in the analysis of those objections, a bit of background is instructive.

Plaintiff initiated this lawsuit complaining that the defendants violated his rights as secured by the First, Eighth, and Fourteenth Amendments to the United States Constitution. This lawsuit is not Plaintiff's first venture into federal court as a *pro se* plaintiff. Plaintiff in fact has another pending lawsuit in this court which he filed on his own behalf and on behalf of numerous other inmates protesting the conditions of their confinement. That lawsuit is drawn into the picture here, because Plaintiff alleges in the instant case that the defendants learned of his large conditions of confinement case and thereafter engaged in a retaliatory course of conduct designed to injure Plaintiff and chill his exercise of his rights. Plaintiff specifically contends that the defendants trumped up a phony disciplinary charge to assert against him (prison records suggest Plaintiff was charged with illegal possession of a cell phone), and used this charge to have Plaintiff removed from his position as an officer of an inmate advocacy organization. Plaintiff additionally contends the defendants confiscated legal documents from him, improperly withheld personal property from him, and have refused to process grievances he has filed related to these allegations.

The defendants answered Plaintiff's claims with denials and then moved for summary judgment primarily on the grounds that Plaintiff had failed to exhaust his administrative remedies. The defendants specifically pointed to pending grievances which relate to Plaintiff's complaints — one of which was filed *after* Plaintiff initiated this lawsuit — and that Plaintiff filed other grievances which were rejected due to his failure to comply with prison grievance policies. The defendants supported these arguments with affidavits and other

evidence including copies of Plaintiff's grievances. Plaintiff countered by challenging the constitutionality of the exhaustion requirement, and he included the unusual request that his constitutional challenge be heard by a three-judge panel and consolidated with his pending prison conditions case.

Plaintiff presents two objections to the magistrate's report and recommendation. First, Plaintiff disputes the magistrate's assertion that Plaintiff has not properly brought his constitutional challenge to the court. Second, Plaintiff quarrels with the Magistrate's conclusion that there is no basis for Plaintiff's request that a three-judge panel be appointed to hear this case. Both objections are misplaced, and the court will deal with the second objection first.

It is true that the United States Code calls for the impaneling of a three-judge court in certain circumstances, see 28 U.S.C.A. § 2284 (West 2006), but none of those circumstances are at play here. As the magistrate noted, this is not a case challenging the constitutionality of the apportionment of a congressional district. See § 2284(a). This removes one avenue from consideration. Plaintiff points to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the statute requiring notice to the Attorney General of the Unites States when the constitutionality of an Act of Congress is questioned, see 28 U.S.C. § 2402, but neither of these statutes have anything to say regarding the impanelment of a three-judge court.

Plaintiff's remaining refuge is in the statute mapping remedies with respect to prison conditions, see 18 U.S.C. § 3626, but that statute is not applicable either. The section requires a party seeking an order releasing him from prison to file a request for a three-judge court and include with that request materials sufficient to demonstrate that release from prison is

3

*necessary* to correct the violation of the party's federal rights. *Id*. Allegations of trumped-up disciplinary charges and withholding of personal effects are not in this ballpark. This statute instead covers what seems to be the subject matter of Plaintiff's other pending litigation in federal court, which explains why Plaintiff's first mention of a three-member court references the other lawsuit. See [dkt. # 35, p.2].

Similarly, a constitutional challenge to the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. 1997e, does not cut the mustard for a three-member court. The judge to whom the request for a three-member court is made possesses discretion to determine whether three judges are required, 28 U.S.C.A. § 2284(b)(1) (West 2006), and in this case, three judges aren't. Under 18 U.S.C. § 3626, the three-judge statute Plaintiff points the court to, there are hoops to jump through before a prisoner can be released. These include (1) a previous issuance by the court of an order that has failed to remedy the deprivation of the federal right, § 3626(a)(3)(A)(i); (2) the defendant's enjoyment of a reasonable amount of time to comply with the court's order, § 3626 (a)(3)(A)(ii); and (3) a finding by the court that prison crowding is the primary cause of the violation of the federal right, § 3626(a)(3)(E)(i). A challenge to the PLRA is not going in this direction.

This leads to the issue of Plaintiff's constitutional challenge and his objection to the magistrate's conclusion that it was not properly before the court. Whether properly before the court or not, Plaintiff's constitutional challenge is going nowhere. The exhaustion requirement does not prevent Plaintiff from bringing claims for constitutional violations in federal court. It merely requires that he pursue his relief administratively first. See *Zehner v. Trigg*, 133 F.3d 459 (7th Cir. 1997).

After a careful review of the record, the applicable law, and the report and recommendation, the court finds the magistrate's recommendation to be proper. Accordingly, the report and recommendation is incorporated herein by reference, with the additions this court has noted, and the defendants' motion for summary judgment is granted.

In light of the decision of the United States Court of Appeals for the Fourth Circuit in *Green v. Young*, 454 F.3d 405, (4th Cir.2006) (dismissal under PLRA for failure to exhaust administrative remedies does not count as a "strike" for purposes of the "three strikes" rule), imposition as a "strike" is not appropriate in this action.

IT IS SO ORDERED.

March 10, 2009  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge